IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RONALD HUSBAND						PLAINTIFF

VERSUS						CIVIL ACTION NO.  2:11-cv-94-KS-MTP

SMCI and JOY ROSS						DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Ronald Husband, an inmate currently confined in Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are SMCI and Joy Ross.  Plaintiff is requesting monetary damages.

Background

Plaintiff complains that he received a Rules Violation Report (RVR) on January 6, 2011, as a result of being identified as one of 12 inmates who assaulted another inmate, Kelvin Turner. Compl. [1] at. 4.  Plaintiff contends that he was on the phone talking to his wife when the incident occurred.  *Id.*  According to Plaintiff, the only evidence that was submitted was the staff report.  *Id.* Furthermore, Plaintiff asserts that the prison official's failure to follow the policies of the Mississippi Department of Corrections whereby (1) the investigator and the delivering officer were the same person and (2) the hearing officer failed to contact his witnesses denying him the right to have his witnesses "come forward [o]n [his] behalf" violated his rights provided by the Due Process Clause.  *Id.*

As a result of being found guilty of the RVR, Plaintiff states that he received as punishment the following:  segregation for 20 days and loss of all privileges for 30 days.  Resp. [9]. Additionally, Plaintiff provides that the RVR has not been reversed or expunged from his prison record.  *Id.*

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case.[2]  Further, the instant civil action is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to maintain the instant civil action, Plaintiff is required to allege that he was deprived of a right secured by the Constitution or the laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (198).  To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  *See Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972).  A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Under the circumstances of the instant complaint, this Court finds that Plaintiff has failed to present a claim that he is entitled to the procedural due process protections of the Fourteenth Amendment.

The United States Court of Appeals for the Fifth Circuit has held that the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997).  Moreover, an

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

[2] Plaintiff was granted *in forma pauperis* by the order [7] entered on August 17, 2011.

inmate receiving as punishment 30 days of commissary and cell restrictions do not present the type of atypical, significant deprivation in which a state might create a liberty interest. *Id.*; *see also King v. Sims*, No. 2:07cv136-MTP, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009)(holding that reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of Plaintiff's constitutional rights). Moreover, Plaintiff being placed in isolation for 20 days as a result of a disciplinary hearing did not result in him suffering an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest); *see also Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. June 15, 2000)(determining that inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary change did not implicate the protections of the Due Process Clause). Therefore, since the protections of the Due Process Clause were not triggered, this Court finds that Plaintiff has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983.

## Conclusion

As stated above, Plaintiff's complaints regarding the RVR he received which resulted in him being placed in administrative segregation for 20 days and the loss of privileges for 30 days does not rise to the level of a constitutional deprivation. As such, this case will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(affirming frivolous dismissal of § 1983 suit arising out of classification level and placement in administrative segregation); *see also Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. 2000)(dismissing appeal as frivolous of § 1983 suit regarding disciplinary violation and resulting placement in segregation).

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, Section 1915(e)(2)(B)(i), it will be counted as a "strike".[3]  If the plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

THIS the 13th day of September, 2011.

                                                *s/Keith Starrett*
                                                UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.